**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**No. 16-4414**

---

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

ADEDEJI AJALA,

               Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:14-cr-00441-RDB-1)

---

Submitted: May 30, 2017                     Decided: July 6, 2017

---

Before WILKINSON, DUNCAN, and DIAZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Michael Lawlor, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Christopher J. Romano, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adedeji Ajala was convicted after a jury trial of conspiracy to import heroin into the United States, in violation of 21 U.S.C. §§ 952, 963 (2012), and was sentenced to 84 months in prison. On appeal, Ajala argues that insufficient evidence supported his conviction, that the district court impermissibly burdened his ability to represent himself by restricting access to discovery, and that the court erred in calculating the drug amount attributable to him. We affirm.

We review de novo the district court's denial of Ajala's Fed. R. Crim. P. 29 motion for judgment of acquittal on the basis of insufficient evidence. *United States v. Reed*, 780 F.3d 260, 269 (4th Cir. 2015). "A defendant challenging the sufficiency of the evidence bears a heavy burden." *United States v. Cornell*, 780 F.3d 616, 630 (4th Cir. 2015) (internal quotation marks omitted). "We will uphold a defendant's conviction if, viewing the evidence in the light most favorable to the government, there is substantial evidence in the record to support the verdict." *Id.* (internal quotation marks omitted). Substantial evidence means "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *United States v. Ashley*, 606 F.3d 135, 138 (4th Cir. 2010) (internal quotation marks omitted).

We conclude Ajala's insufficiency argument is meritless. Construing all reasonable inferences in the Government's favor, evidence adduced at trial revealed that, on more than one occasion, Ajala coordinated with one or more individuals to receive packages

2

containing large amounts of heroin mailed to Baltimore from abroad. Accordingly, we reject Ajala's sufficiency challenge.

Ajala next contends that the district court impermissibly interfered with his right to represent himself by prohibiting him from taking any discovery materials—including his handwritten trial notes—with him to the detention facility where he was being held. We review for abuse of discretion a district court's discovery decisions. *Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 189 (4th Cir. 2017); *United States v. Galloway*, 749 F.3d 238, 242 (4th Cir. 2014). A defendant must demonstrate that he was prejudiced by the court's discovery rulings. *See Galloway*, 749 F.3d at 242; *United States v. Bisong*, 645 F.3d 384, 396 (D.C. Cir. 2011) (providing that, "[e]ven assuming that *pro se* defendants have a Sixth Amendment right to discovery in preparing their defense," defendant asserting such claim "must demonstrate prejudice in order to prevail").

The record establishes that Ajala was given access to discovery prior to the commencement of trial. Although the discovery arrangements during trial might have been inconvenient, Ajala has failed to show that they were unreasonable. *See Galloway*, 749 F.3d at 242; *United States v. Sarno*, 73 F.3d 1470, 1492 (9th Cir. 1995) (concluding that, while pro se defendant's "access to discovery materials was hardly optimal, . . . the limitations imposed on him were reasonable"). Additionally, Ajala has not shown how his lack of access to discovery in his cell affected his ability to represent himself at trial. Accordingly, we conclude this claim lacks merit.

Finally, Ajala asserts the district court erred in calculating the drug amount attributable to him, specifically challenging the inclusion of the drugs intercepted by airport

3

customs officials in Germany. "We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error." *United States v. Slade*, 631 F.3d 185, 188 (4th Cir. 2011) (internal quotation marks omitted). Under such standard, the district court's finding is reversed "only if we are left with the definite and firm conviction that a mistake has been committed." *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted).

A "defendant is responsible not only for his own acts, but also for all reasonably foreseeable acts of his co-conspirators in furtherance of the joint criminal activity." *Slade*, 631 F.3d at 188 (internal quotation marks omitted); *see* U.S. Sentencing Guidelines Manual § 1B1.3(a)(1) (2015). In determining drug quantities, courts may "'consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.'" *Crawford*, 734 F.3d at 342 (quoting USSG § 6A1.3(a), p.s.). Additionally, "[a] district court's approximation of the amount of drugs is not clearly erroneous if supported by competent evidence in the record." *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). Ajala "bears the burden of establishing that the information relied upon by the district court . . . is erroneous." *Slade*, 631 F.3d at 188.

Ajala has not satisfied his burden. A preponderance of the evidence established Ajala's connection to the package intercepted by customs officials in Germany, and it thus was reasonable to attribute the heroin contained therein to him. Therefore, Ajala has not shown clear error in the court's drug quantity calculation.

Accordingly, we affirm the district court's judgment and deny Ajala's pro se motion to compel discovery and audio. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*